## STROUD v. ELLIOTT *et al.*

No. 3682. Opinion Filed September 29, 1914.

Rehearing Denied January 26, 1915.

(145 Pac. 804.)

EJECTMENT—Direction of Verdict—Evidence. Plaintiff sued defendants for possession of lots 8, 9, 10, 11, and 12 in block 8 of the town of Ralston, in this state. The undisputed testimony shows that said lots are situated in a park reserve and owned by the town,

and were not claimed by, or in possession of defendants. The court directed a verdict for defendants. Held, the court did not err, for there was no evidence tending to support plaintiff's alleged cause of action.

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*

*L. M. Poe, Judge.*

Ejectment by A. W. Stroud against Maria Elliott and another. Judgment for defendants on a directed verdict, and plaintiff brings error. Affirmed.

*Biddison & Merritt*, for plaintiff in error.

*Orton & McNeill*, for defendants in error.

RIDDLE, J. Plaintiff filed suit in ejectment to recover possession of lots 8, 9, 10, 11, and 12, in block 8 in the town of Ralston, in this state, alleging that he was the owner of said lots and that defendants have unlawfully kept him out of possession. Defendants filed their answer, consisting of a general denial. Upon the issue thus made, the cause was tried to a jury. Upon the conclusion of the testimony, the court directed a verdict for defendants, to which action of the court plaintiff excepted and filed his motion for new trial. The motion for new trial was overruled, exceptions allowed, and plaintiff has filed his petition in error in this court, alleging error of the court in directing a verdict, and that the judgment of the court is contrary to law and the evidence. The undisputed evidence shows that plaintiff and defendants claim title to the property involved from a common source, to wit, from one H. E. Thompson; that block 8 is bounded on the north by what is known as Woodland or Oakland avenue, on the south by Egleton creek, on the east by said creek, and on the west by Thompson street; that Thompson owned the block of land, and about the year 1902 had block 8 surveyed and platted into lots, with two tiers of lots, with a street running east and

west between the tiers of lots, numbering from 1 to 18, inclu-
sive, north of the street known as Woodland avenue, and number-
ing from 19 to 37, inclusive, on the south side of said avenue.
It appears that plaintiff erected a house and resides on lots 19
and 20, situated south of said Woodland avenue, and on the west
side of said block. Defendants claim to own and are in posses-
sion of lots 25, 26, 27, 28, and 29, also situated south of Wood-
land avenue and just east of where plaintiff resides. There is
reserved a block of land just north of Woodland avenue, desig-
nated a park reserve, which extends south to Woodland avenue;
the north line of Woodland avenue making the south line of the
park reserve, which is owned by the town. Subsequent to the
platting of said block and the selling of the lots, the town caused
the park reserve to be surveyed and ascertained that all lots north
of Woodland avenue, which were supposed to be the north half of
block 8, from 1 to 18, inclusive, were situated in the park re-
serve, and Thompson had no title to same, nor any right to plat
and sell same. The uncontroverted evidence shows that lots 8,
9, 10, 11, and 12, sued for by plaintiff are situated north of Wood-
land avenue, and within the park reserve, and belong to the town;
that defendants are in possession of and claim to own lots 25, 26,
27, 28, and 29, inclusive, situated south of said Woodland avenue
and just east of plaintiff's home, and they make no claim to lots
8, 9, 10, 11, and 12.

On the record, the only question for us to determine is: Did
the court err in directing a verdict for the defendants? If we can
say there was any testimony reasonably tending to support plain-
tiff's theory and alleged facts, then undoubtedly the court com-
mitted error, and the cause should be reversed. While plaintiff
testifies he is the owner of and resides on lots 17 and 18 in
the northwest corner of block 8, and that he also owns lots 8, 9,
10, 11, and 12, which he says are in possession of defendants, yet
the other testimony, which is not denied shows that lots 17, 18,
and 8, 9, 10, 11, and 12 are in the park reserve, and that, as a

Form 15

matter of fact plaintiff resides on and owns lots 19 and 20, and that defendants claim and are in possession of lots 25, 26, 27, 28, 29, of block 8, and make no claim whatever to lots 8, 9, 10, 11, and 12. The plat introduced in evidence shows this state of facts. Witnesses testify, and in fact plaintiff also testifies, that people purchased lots north of Woodland avenue and erected houses, which lots are just across the avenue north of plaintiff's and defendants' property, and they were required to move their improvements by the town authorities, on account of same being in the park reserve. It is clear from the plat and all the other testimony in the case that all of the north half of what was supposed to be the north half of block 8, including lots 1 to 18, inclusive, were, as a matter of fact, in the park reserve and defendants do not claim any interest in them. If plaintiff desired to recover the land covered by lots 8, 9, 10, 11, and 12, he should have sued the town, as it is clear from this record that defendants do not claim any interest in the lots described in plaintiff's petition. It would appear that his proper remedy would be a suit for breach of warranty on his deed of conveyance from Thompson. Defendants received the property they purchased, but it seems that plaintiff did not. Inasmuch as plaintiff failed to show any interest in the property claimed and in possession of defendants, and the property described in his petition appears to be owned by the town, the court did not err in directing a verdict for defendants. Had the court submitted the cause to the jury, and they had returned a verdict for plaintiff, it would have been the duty of the court to have granted a new trial.

The judgment of the trial court is therefore affirmed.

All the Justices concur.